## Alfred Peters et al. v. E. I. Fisher.

1. JUDGMENTS BY CONFESSION—*Courts of Law Exercise Equitable Jurisdiction over.*—Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, but before such judgments will be opened, the courts must have before them facts upon which it may be fairly seen that there is a good and sufficient defense to the merits of the case.

**Motion to Vacate Judgment.**—Hearing in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Motion denied. Appeal by judgment debtors. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

GULICK & GULICK, attorneys for appellants.

ROY WRIGHT, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court. A judgment was entered by confession, in the Circuit Court of Champaign County, in favor of the appellee against the appellants on a promissory note payable to one William R. White, or order, and by him assigned in writing to the appellee before maturity of the note; the judgment was for $605.46, and in strict accordance with the terms of the note and the power of attorney to confess such judgment, which was a part thereof and signed by the appellants. The appellants, some three days after the judgment was entered, made their motion in that court for an order to open the judgment, stay the execution and grant leave to appellants to plead to the merits. This motion was supported by two affidavits, one by the appellants Alfred and Anne Peters, which, when stripped of the conclusions of the affiants, stated that the note sued on was given by the appellants to said White in consideration of certain territory sold them by White for the sale of a patent gate, of which he claimed to be the patentee; that White represented the appellants could make large profits selling such gates in the terri-

tory sold to them; that they had, since examination of said
territory, become dissatisfied with the outlook of their mak-
ing money out of it, and had demanded the return of their
note from White, who had promised to return it to them if
they were dissatisfied after examining the territory, but
that White had failed and neglected to return it; that they
believe and are informed that White is still the owner of
said note and that appellee is not an innocent holder thereof,
but knew the facts stated in the affidavit before he gained
possession of the note, and that the appellants, if permitted
by the court, will be able to establish the above facts by
proof and make a good and sufficient defense to the note.

The other affidavit was made by one Charles Gehrig, in
which he states that he was well acquainted with said
White, and that on or about April 28, 1897, he was present
and heard appellants Alfred and Anne Peters demand the
note in question to be returned to them by White, for the
reason that it had been obtained from them through fraud
and misrepresentation of White, and that no value or con-
sideration had passed from him to them for the same, and
that White told said appellants he would return the note to
them.

Upon a hearing of the motion the Circuit Court denied
same and the appellants bring the case to this court by
appeal, and insist that that court erred in denying their
motion, because their affidavits showed a good defense to the
action.

Counsel for the appellants insist that the affidavits show
a case of want of consideration and fraud and circumven-
tion; but when fairly considered we think the facts stated
therein show there was a valid consideration for the note,
to wit, the sale of the territory in which to sell the patent
gate. The facts set out in the affidavits did not amount to
any proof of fraud or deception on the part of White in
procuring the execution of the note; on the other hand it
appears the note was voluntarily given by the appellants
upon the rosy representations of White that he was honest
and that the appellants could make large profits out of the
territory he sold them.

The appellants are bound to expect that venders of such patent rights will always extol the value of such rights to the highest point the credulity of their customer will bear, and in dealing with them, and as purchasers, must exercise sufficient care not to be overreached by such representations, as the law will not excuse them from their own lack of care in that regard.

While it is true that courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorneys, and experience has demonstrated that it is often necessary to justice that they should liberally exercise that jurisdiction, yet before such judgments will be opened, the courts must have before them facts upon which it may be fairly seen that there is a good and sufficient defense to the merits of the case. The facts set up in these affidavits did not fairly show a meritorious defense to the consideration of the note, nor did they come any way near showing any fraud or circumvention in procuring the execution of the note.

Finding no error in the judgment of the Circuit Court in this case we affirm it. Judgment affirmed.